UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tien Nguyen, | 2:16-cv-02266-JAD-PAL |
| Plaintiff | |
| v. | **Order Granting Motion to Remand** |
| Geico Casualty Company, | [ECF 3] |
| Defendant | |

Tien Nguyen sued his automobile insurer Geico Casualty Company after it refused to tender policy limits to compensate him for injuries he sustained in an accident with an underinsured driver. Geico removed this case from a Nevada state court based on diversity jurisdiction.[1] Nguyen moves to remand, arguing that removal was untimely. I agree, so I grant Nguyen's motion and remand this case back to Nevada's Eighth Judicial District Court, Case No. A-16-737083-C.

**Background**

Nguyen filed this insurance bad-faith action on May 20, 2016. On July 25, 2016, the Nevada Insurance Commissioner accepted service on behalf of Geico and sent by first-class mail a copy of the summons and complaint to Geico's registered agent in Nevada, and it notified Nguyen that service had been effected.[2] On September 20, 2016, Nguyen's counsel sent correspondence to Geico's counsel and enclosed the July 2016 letter from the Insurance Commissioner accepting service of the summons and complaint.[3] Geico filed a petition for removal seven days later arguing that removal was timely because Geico never received the process mailed by the Insurance Commissioner and was unaware of this lawsuit until it received Nguyen's counsel's September 2016

---

[1] ECF No. 1.

[2] *Id.* at 9–13.

[3] *Id.* at 29.

letter.[4]

## Discussion

**A.     Removal under Nevada's statutory agent law**

When a case is filed in state court between parties who are citizens of different states, and the case value exceeds $75,000, the defendant may remove the case to federal court.[5] "Federal courts are courts of limited jurisdiction."[6] Accordingly, there is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[7] The defendant always has the burden of establishing that removal is proper.[8]

When a case "stated by the initial pleading is removable on its face," section 1446(b)(1) gives a defendant 30 days from service of that pleading to file the petition for removal.[9] Nevada Revised Statutes Chapter 680A requires all firms authorized to transact insurance in Nevada to appoint the state Insurance Commissioner as their "attorney to receive service of legal process issued against the insurer" in Nevada.[10] Service is complete when the Commissioner sends by certified mail to the defendant a copy of the summons and complaint,[11] but the time for removal does not start running

---

[4] *Id.* at 5.

[5] 28 U.S.C. §§ 1332, 1441, 1446.

[6] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[7] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[8] *Id.*

[9] 28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Neither party disputes that the requirements for diversity jurisdiction are met. To satisfy the amount-in-controversy requirement, Geico relies on Nguyen's pre-suit demand claiming over $80,000 in past and future medical specials. Because Geico received the "other paper" showing that Nguyen's claims likely exceeded $75,000 before it received the summons and complaint, the 30-day clock started to run when the complaint was served even though the complaint is not removable on its face.

[10] NEV. REV. STAT. § 680A.250(1).

[11] *Transamerica Ins. Co. v. C.B. Concrete Co.*, 669 P.2d 246, 247 (Nev. 1983).

until receipt by the insurer.[12]

**B.     Geico has not shown that its petition for removal was timely.**

It is undisputed that the Insurance Commissioner mailed process to Geico on July 25, 2016,[13] and that this service was sufficient to initiate proceedings against Geico in state court. The central question here is when Geico first received a copy of the summons and complaint, placing it on notice of the suit and starting 28 U.S.C. § 1446(b)(1)'s 30-day removal clock.

The record shows that the Insurance Commissioner mailed process by certified mail to Geico at: Geico Casualty Company c/o The Corporation Trust Company of Nevada, 701 South Carson Street, Suite 200 Carson City, Nevada, 89701 on July 26, 2016.[14] Nonetheless, Geico claims that it never received it. Geico offers the affidavit of the claims adjuster for Nguyen's claim, Monica Sanchez. She represents in her affidavit that under normal circumstances, the Corporation Trust Company of Nevada (the "Trust") located in Carson City, Nevada, should receive service from the Commissioner after the Commissioner accepts service on behalf of Geico.[15] She continues that, under normal circumstances, the Trust forwards the summons and complaint to the Geico claims adjuster and the Geico managers assigned to the claim file.[16] But she represents that in this case, "neither the Trust, nor myself personally, nor any of the Geico Managers assigned to this claim file received the Summons and Complaint."[17]

I find that this affidavit is insufficient to rebut Nguyen's evidence that the insurer did in fact receive service in July of 2016 when the Commissioner sent it by certified mail. It is true that defendants may rely on facts presented in the removal petition and any summary-judgment-type

---

[12] *Pilot Trading Co. v. Hartford Ins. Grp.*, 946 F. Supp. 834 (D. Nev. 1996).

[13] ECF No. 1 at 9–13.

[14] ECF No. 8 at 18.

[15] *Id.* at 11, ¶ 5.

[16] *Id.* at 11, ¶ 6.

[17] *Id.* at 11, ¶ 7.

evidence to prove that removal was proper.[18] But Sanchez's affidavit is insufficient to carry defendants' removal burden because she has not shown that she has personal knowledge of whether the Trust or the Geico managers assigned to the file received the summons and complaint from the Commissioner.[19] Because Geico has not shown that removal was timely, I grant Nguyen's motion to remand.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for remand **[ECF No. 3] is GRANTED.** This case is remanded back to Nevada's Eighth Judicial District Court, Case No. A-16-737083-C

Dated this 24th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[18] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[19] FED. R. CIV. PROC. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence[.]").